UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.<br>*as subrogee on behalf of* Shirley Joshua | CIVIL ACTION NO. 10-0083 |
| -vs- | JUDGE DRELL |
| USA<br>*on behalf of* United States Postal Service | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a "Motion for Summary Judgment" filed by the United States of America on behalf of the United States Postal Service ("USPS"). (Doc. 14). For the following reasons, the motion will be **DENIED**.

I. Procedural Background

On January 20, 2010, State Farm Mutual Automobile Insurance Company ("State Farm") filed a Complaint (Doc. 1) seeking to be reimbursed for funds paid to its insured, Shirley Joshua ("Joshua"). In March of 2008, Joshua had been involved in a motor vehicle accident with a USPS truck driven by Reid Toomer. Joshua's vehicle was destroyed and she suffered physical injuries. State Farm paid Joshua $5,566.75 for the vehicle and associated property damage costs. State Farm then presented its administrative claim to the USPS to recover the $5,566.75 by a claim form and letter dated May 23, 2008. (Exhibits A-1 & A-3 to Doc. 17). This administrative claim was submitted as required by the Federal Tort Claims Act ("FTCA") (codified at 28 U.S.C.

§ 2675(a)). The receipt of this claim form and letter was confirmed by the signature of Frank Wainwright who signed as an agent on behalf of the USPS. (Exhibit A-2 to Doc. 17).

Joshua also presented an administrative claim to the USPS in August of 2008 seeking to recover money for her physical injuries. On November 3, 2008, the USPS submitted a check for $11,500 to Joshua and her attorney, Paul Tellerico of Alexandria, along with <u>only a letter</u> stating that acceptance of the check operated as a full release of claims against the USPS arising from the incident. The letter also included the following language which is of key import in this case: "Any subrogation claims, liens or any outstanding indebtedness resulting from this incident, must be satisfied from the proceeds of this check." (Exhibit 3 to Doc. 14). There was no other receipt and release document. Joshua and her attorney endorsed and deposited the $11,500 check. The USPS now urges that acceptance of this check by Joshua operates as accord and satisfaction as to State Farm's subrogation claim under Louisiana state law and it is entitled to judgment as a matter of law. (Doc. 14). The USPS also argues State Farm's proper recourse at this stage is to recover from Joshua. For the reasons described herein, we disagree.

II.    **Law and Analysis**

    A.    **Legal Standard**

A court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective

2

December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

    B.    **Federal Law Preserves State Farm's Claim**

In its letter to Joshua, the USPS cited 28 U.S.C. § 2672 and 39 C.F.R. § 912.14 in support of the argument that acceptance of the check by Joshua would result in any subrogation claims having to be satisfied from the proceeds of the check. However, neither regulation provides for such an outcome; both are silent on the issue of subrogation.

In fact, State Farm followed the required procedure to preserve its subrogation claim under the FTCA. The statute specifically provides that the claimant must first present the claim "to the appropriate Federal agency." 28 U.S.C. § 2675(a). The claimant must then wait six months to receive a response from the agency before bringing suit against the United States. As described above, State Farm filed its "Claim for Damage, Injury or Death" with the USPS (the appropriate agency) and has presented a signature card evidencing such receipt. State Farm received no response

from the USPS within six months of the May 23, 2008 claim and accompanying letter. Silence on the part of the USPS was then "deemed a final denial of the claim." 28 U.S.C. § 2675(a). State Farm took the necessary and proper procedures to preserve its subrogation claim against the United States in accordance with the FTCA.

    C.    Louisiana State Law Also Preserves State Farm's Claim

State Farm's May 23, 2008 claim to the USPS was accompanied by a letter which very clearly put the USPS on notice that State Farm was asserting a subrogation claim: "This letter is to notify you of our subrogation claim and request your cooperation in settling this matter." (Exhibit A-3 to Doc. 17). Under Louisiana law, such notice from State Farm precludes the USPS from effecting with Joshua a settlement that extinguished State Farm's subrogation claim.

In State National Fire Ins. Co. v. Sykes, 527 So.2d 589 (La. App. 3 Cir. 1988), a Louisiana appellate court ruled that a subrogee-insurer could pursue its claim against a tortfeasor and his insurer despite the existence of a settlement between the subrogor-insured and the tortfeasor's insurer. Id. at 592. Similarly to the settlement in the case at hand, the settlement in Sykes purported to apply to subrogation claims. Id. at 590. However, also similarly, the subrogee-insurer had notified the tortfeasor's insurer of its subrogation claim prior to the settlement. Id. at 589.

The Sykes defendant relied on Audubon Ins. Co. v. Farr, 453 So.2d 232 (La. 1984) in support of its argument that the subrogation claim was extinguished by the settlement. Sykes, 527 So. 2d at 591. The Third Circuit distinguished Farr from Sykes based on a key factor: the subrogee in Farr failed to provide notice of its subrogation

4

claim to the defendant. Id. at 591–92. See Farr, 453 So.2d at 235; William Shelby McKenzie and H. Alston Johnson III, Insurance Law and Practice, § 10.333, pp. 1018–19 *in* 15 La. Civ. Law Treatise (3d ed. 2006). In the present situation, State Farm sent notice to the USPS that it was Joshua's subrogee and was pursuing its own subrogation claim against the United States. Accordingly, we find the settlement between Joshua and the USPS did not affect State Farm's subrogation claim.

III.   Conclusion

The settlement check to Joshua did not effect accord and satisfaction of State Farm's subrogation claim against the United States. We find Defendant has not shown the absence of a genuine dispute as to any material fact; therefore, the United States is not entitled to judgment as a matter of law. Accordingly, Defendant's motion for summary judgment will be **DENIED**.

SIGNED on this ____ day of January, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE